This is Paul Fattarusso for the appellant. I believe I'll be going first. Okay. Are you able to speak up just a little bit? We'll try to just... Yeah, I'll try to raise my voice and make sure the microphone picks me up if that sounds like it's coming through now. Yes, we can hear you now. I should say it looks like it's coming through now. Yes. Okay. Good morning, Your Honors. And may it please the Court, Paul Fattarusso of Cyril McFattarusso appearing on behalf of Appellant Roger Silk. This appeal concerns a targeted and relatively straightforward issue regarding a very narrow exception to federal court jurisdiction that was squarely addressed in the Supreme Court's 2006 Marshall Declision, and more recently, this Court's 2017 Gonsalves decision, among others, and recognizing that we've discussed the issues thoroughly in the papers, I will try to be brief here today. The probate exception to federal court jurisdiction, which was invoked by Ellie here and was erroneously adopted by the District Court, is a very narrow exception. It is limited to only three types of cases where federal courts would be called on to, One, probate or annul a will. Two, administer a decedent's estate. Or three, assume interim jurisdiction over property that is in the custody of the probate court. None of those circumstances apply here. The claims here are essentially contract claims for the payment of monetary compensation. Can I ask you this, Counsel? It seems to me the rule was relatively clear as to what can and can't be done in this context, and I would like your response. You have framed your complaint as, as you said, just a straight breach of contract action in which you're asked for an award of damages, damages that would necessarily have to be paid from the funds in the estate. It's not like the money would be coming from somewhere else. So my understanding was that you're entitled, perhaps, to bring a declaratory judgment action here, maybe here. I know there's an issue as to personal jurisdiction, but, you know, in federal court. But all you could seek was a declaration of your rights vis-a-vis the estate, and then you would need to go to the court that has jurisdiction and interim jurisdiction over the reins to try to collect on that. And maybe that court would need to respect the judgment that the federal court issued. But I don't think you're entitled to bring the kind of complaint you've filed here, which, as I said, is just a straight request for an award of damages. So can I get your response to that? I think your Honor may be articulating a distinction without a difference in that, you know, the claim for damages would be a claim for a judgment awarding an amount which, you know, it may be right that logistically what the probate court would do with that judgment would be to determine how those funds among, you know, us situated as a judgment creditor, appellant situated as a judgment creditor would then present that judgment and collect on it, pursuant to whatever requirements were set forth in the probate court. But I don't believe it's the case that the relief needs to be tailored solely to a declaratory form of relief as opposed to a claim for a judgment of damages. Counselors? To me it's not a distinction without a difference. I mean, I think a declaratory judgment is not the same as a judgment for damages, and I just want to be clear, you believe you are entitled to a judgment for a some certain, correct? Correct. That's right. I do think that the claims are not required to be fashioned as declaratory claims in order to be pursued against an estate, and I think that's well established in the precedent that the claims can be fashioned as breach of contract claims. A party can obtain a judgment for monetary relief. It's true that all the money or, if in all likelihood, the money that would be recovered is money that is subject to the estate, but the in-rem jurisdiction over property in the custody of the probate court is intended to refer to things, and I think the appellee here is intending to refer to things like the valuation of real property that requires a valuation in order to calculate the monetary relief. So how do you deal with the Lefkowitz case from the Second Circuit? Do you think it's wrongly decided because the Lefkowitz case says you can't get a judgment for an amount of money owed? I think the Lefkowitz case, I believe, I'm just double-checking, I believe Lefkowitz was a case that was decided prior to the Marshall case. Lefkowitz was in 2007, so I don't think so. But maybe I'm wrong. Okay. I'm not remembering the year of Marshall. No, Marshall is 2006, so Lefkowitz is 2007. I think that to the extent that Lefkowitz was suggesting that, I think the issue in Lefkowitz, I think it's coming back to me, was an issue of whether funds from a specific account could be claimed, and so there was a specific and different situation with respect to whether relief could be sought for the payment of funds from a specific account, as opposed to obtaining a judgment for an award of the sort that's being sought here. I don't think so. It was money that would have come from the estate, but if you don't remember the case, maybe it's not worth talking about it more. I'll reserve on that and see if I can address it in further detail for the court. So, counsel, changing gears slightly, and I'm going to ask your friend the same question. If the panel were to agree with you in whole or in part with regard to the probate exception, is it your view that we should take up the personal jurisdiction issue or should we leave that to the district court in the first instance? I believe it's appropriate for this court to leave that to the district court in the first instance, given that the court below did not address that issue, did not provide reasoning. I think it is, for what it's worth, I think it is correct that the district court did not identify that as a viable grounds for dismissal of the claims given the facts presented here, but given the paucity of the record on which this court would be reviewing, I think it's appropriate to leave that question to the district court. Let me ask you another hypothetical question. If we were to reject the position you've articulated here and instead adopted the view that I started with, that basically all you're entitled to bring is a declaratory judgment action, not the complaint that you filed, what should happen? Should we affirm the dismissal of the complaint, and I don't know if that would pose statute of limitations issues for your client, or I don't know, are we supposed to remand it back and allow and tell the district court you have to be given leave to amend so that you can style the complaint in the way that it needs to be styled? What should happen if we disagree with your first out-of-the-box position? If you're going to disagree with the first out-of-the-box position, which I respectfully submit would not be correct, but if the view was that the only claim that could be filed here was a declaratory relief claim for a declaration that would then be applied in some way to the probate court, I believe that the solution to that would be to specifically identify the leave to replete the declaratory relief claim so that those could be replete in the district court. But I do want to emphasize the clarity of the rule here and the viability of direct claims. I would like to call the court's attention specifically to a case that was just decided in the First Circuit just last month, which I believe is squarely on point to the issues presented here. That case is Glassy v. Doucette, which is 55 F. 4th, 58. It was decided in December, and in that case, the First Department reversed the district court's improper dismissal of claims, which was not just declaratory judgment claims but other claims, including breach of fiduciary duty and other damages claims on probate exception grounds. And the district court's dismissal in that case followed essentially the same reasoning that the appellee is asking the court to apply here, which is that the district court erroneously reasoned that any attempt to calculate damages in the action would entail. And this is quoted in the district court's language, which is quoted at page 66 of the First Circuit's decision. Quote, precisely the kind of valuation and accounting that is within the exclusive province of the probate court, close quote. Now the First Circuit reversed and explained, consistent with the clear precedent discussed in our papers, and this is at page 67 of the First Circuit's decision, quote, a rule that any need to value estate assets triggers the probate exception would lead to an expansive understanding of the exception that runs against Marshall's cautionary explanation. Now, this recent Vassie decision from the First Circuit takes on precisely the erroneous reasoning that the appellee is asking the court to adopt and makes clear that it is not a grounds for dismissal under the probate exception. Here, as in that First Circuit case, the appropriate outcome is reversal of the erroneous dismissal. And as mentioned, I respectfully submit that the appropriate reversal is a reversal that allows the breach of contract claims to be pursued directly. Probate courts are in a position to evaluate the position of relative judgment creditors and the judgment on the claims themselves enables the appellant to pursue those claims in the position of a judgment creditor consistent with the various other creditors whose interests are represented in the probate context and therefore allows orderly administration of the probate issues without interfering with the appellant's rights to pursue his claims in a public court. So can I follow up on Judge Watford's question about what we should do if we think that only declaratory relief could be sought here? It sounds like you're agreeing that we would need to remand for you to amend. I was just wondering about the first claim for relief, which is judgment against defendants. I wasn't sure if that was, if another option would be to construe that as a request for declaratory relief and then dismiss the damages relief. I think that would be a potential option. I think that, again, I think that would be incorrect because I do believe that the claims for breach of contract are permitted to proceed. However, I do think if the court had a different perspective on that issue and believed that only a declaratory relief could be sought, that would be another procedural option for approaching that. I do have, you know, just to this point of whether only a declaratory relief could be sought, it may be worth noting, and this also raises one logistical question that I had for the court. It was somewhat of an unrelenting logistical question being raised now. The appellate has filed a protective action in the Maryland State Court on these claims. That has been filed not in the probate court, but in a court of general jurisdiction in Maryland, asserting the same types of claims here and that there is no dispute in that case that such claims are appropriate to be filed outside of the Maryland probate court in order to establish a judgment creditor status that could be resolved in the probate court context. I expect that the Maryland court will have interest in knowing the resolution of this appeal in terms of its own management of its calendar to that end. If there is a way to request expedited resolution of the decision on this appeal, we would be grateful for the court's guidance on that. To the extent there are any other questions, I'm happy to answer them now and otherwise reserve the remainder of the time for rebuttal. Okay. I guess I'll make sure you have the full ten minutes for rebuttal. I kind of don't understand why you're doing this. Why not just go pursue it in state court and you won't have to? You're going to face, even if you win on this issue, you're going to face a fight over personal jurisdiction because it might be another appeal. So why not just resolve this in Maryland and be done with it? That's not really a question you have to answer. It's just what occurred to me when you just said that. Understood. I mean, I can briefly respond and say that that action is being filed as a protective measure to ensure that the claims aren't deemed untimely, but Ellen's strong preference is to have the case be resolved in the California courts. But he's no longer living in California, right? Is he living in Nevada now? He is living in Nevada, for which the California courts are still far more convenient and accessible than the Maryland courts. But I don't mean to go too far down that rabbit hole. I don't want to miss the court's time on that issue. Understood. Okay. We'll make sure you have two minutes for rebuttal. Let's hear from your opponent and we'll go from there. Okay. Please, the court. Thank you, Your Honor. This is Jeffrey Newsom on behalf of Appellees. I will be the first to openly acknowledge that the post-martial probate exception is a narrow one. However, under these circumstances, this happens to fit both the claims that were brought, which is what we're dealing with, and the underlying contracts fit squarely within that probate exception. Here, the contracts are not typical. The claims are not, as we see now for us, uncertain, as we've heard. But, in fact, the contracts in these claims are requesting that the district court determine relief that requires it to engage in tasks that are exclusive and unique to, in this case, the Maryland probate court. Counsel, let me posit a hypothetical to you. Let's say the claims weren't the claims that were brought here. Let's say the claims against the decedent were RICO claims. Would the probate exception bar the district court from entering a RICO judgment in favor of a plaintiff? With, I think, how it's styled, it's difficult for me to answer that. I think, generally, the answer, if pled properly, sort of in a declaratory judgment. No, I'm talking about a claim for damages. A RICO claim or a copyright claim against the decedent for some certain of damages. Is it your view that a RICO claim and a copyright claim against a decedent would be barred by the probate exception? Absolutely not. Okay, so why here would this claim for damages be barred, in your view, but not a RICO claim or a copyright claim? Because in this particular instance, and specifically when we look at two provisions of the Complaint Disclosure, first is in the Wherefore Clause when they're asking for the district court to engage in what amounts to an accounting of estate assets requiring re-evaluations of estate property. And then in, at the record, in VR 19, it's paragraph 55 of their complaint, the appellants say specifically that the incentive fee that they're trying to calculate for the damages here, that it may be larger because, quote, the value of real estate, which may be significantly more valuable than the amount suggested by the estate. Okay, so counsel, if this claim, again, hypothetically, were the same claim, but the damage is alleged that the supposed contract said, and if we have successfully performed, you will pay us a million dollars. And it was against the decedent. Would that claim be barred? It was for the same kind of services as this claim, but the consideration was a million dollars. Would a claim for a damages judgment in a sum certain be barred by the probate exception? I don't believe so. So the fact that you're saying it's barred is because the way you measure damages involves valuing the estate, essentially. And if it were for just a million dollars straight, there wouldn't be a problem. But because it involves, in order to calculate the damages, you have to value the estate, that it's barred by the probate exception. This may feel a little different. The first part I agree with, Your Honor. But secondly, I think it's actually more than that. These contracts do require, for example, that the appraisals, and these are not, as suggested in the complaint, appraisals of real property. It's partnership interests, complicated partnership interests that contain real property, that these appraisals will be significant sums of money themselves. And it would be the district court having to oversee what is a regulated process in the Maryland Probate Court of how appraisals are done in estates. The district court would have to take over that appraisal oversight in order to determine those values. And then, under this contract, the district court is allocating that cost of that to the estate. So you're saying that process, in your view, squarely fits in with Part 2 of the probate exception, administer a decedent's estate? It's Part 2 and Part 3. So what in-rem jurisdiction over property is, how is in-rem jurisdiction being applied in this in-personam case? The in-rem jurisdiction is over the probate assets. And here, the money that's in the estate, by the actual form of this contract, it would be saying that the district court would be saying it's not only the appraisal fees, but the accounting itself, what the contract says, and that's attributed to the estate. So whatever those fees are, the district court would be ruling that that property of the estate is paying for that, and that's taking the in-rem, the estate property, and, again, this complaint. So why is that any different than a judgment for if the decedent had caused an auto accident and the district court is going to award a judgment of a million dollars that has to come out of the estate, why is your circumstance any more in-rem than the latter? I mean, it doesn't strike me that either of them is in-rem in the way we traditionally think of it, but why would yours be more in-rem than a million-dollar judgment for an estate that's worth $600,000? Because in this particular circumstance, the two areas, an accounting of the estate and the valuation of property in the estate, are exclusively for the probate court to oversee. Is your concern that the probate court would have to be bound by the district court here? I mean, is that your concern? One of the concerns, Your Honor, yes, is that there will be a conflict because we will have the district court here determining a value and an accounting of an estate that then the personal representatives who are the defendants in the undermined action will then have to return to the probate court and say, probate court, while you have already made decisions possibly, while you have already made findings within your jurisdiction, we now have two different appraised values of the estate, two different accountings of the estate, and the ultimate damages here are decided by taxes saved. Well, now you have the district court making findings that are the personal representatives then required to amend a tax return because of new findings. And then you also have, in the estate context, that and the tax return of it. The fees here are not, it's not just a difference in the value of real property. It's what are the tax savings. So the tax savings are not only the value of these assets, but then you say the value of the entire estate. Well, the entire estate value is where you start, but you have to figure out the net estate for tax purposes, which means what are the allowable deductions, including administration expenses. And this, Your Honor, gets into the in rem part of it as well because then the probate court is the only court who can decide whether something is a proper administration expense that can go on the estate tax return 706 or even the 1041 fiduciary tax return, both of which under two different contracts here are the underlying returns that are used to calculate the, quote, incentive fees. Can I just stop you? That was a very complicated answer, and I'm just struggling with the idea that, I mean, if the probate court thinks the district court didn't calculate the right thing, then maybe the probate court will ignore it and decide what to do. It seems like I'm not sure why ultimately the money is with the probate court. So if there are two accountings, the probate court will figure out whether what the district court did was good or not, right? What is the problem? Well, I don't think the probate court, at least in Maryland, the probate court is, of course, special jurisdiction and will not have the ability to opine on what the district court did. Well, so if it wants to ignore it, maybe it will or not. I mean, it probably needs to give full faith and credit to it, but maybe not. If it's an entirely different wrong calculation, maybe the court decides that's not relevant. But then the personal representatives are in a slightly different posture as well because they have fiduciary duties, and they will now have an adjudicated decision in the district court that they are almost required to go back and say to the probate court, we have this adjudicated decision. You need to change your values. Wouldn't that be the same problem? Let's say this case, for some reason, hadn't been brought in federal court but had been brought in a state court that has no probate exception to it. Would that be the same problem that the probate court in Maryland would face? No, because in Maryland, the court of equity, the circuit court, where the other action has already been brought. No, no, I'm saying in a different state, like California, or if the plaintiff lived in Montana or Idaho or Louisiana. And those state courts don't recognize this probate exception. And I apologize. I mean, in Maryland, for example, Maryland allows the court of equity to take jurisdiction over an estate for specific purposes or even the entire administration. So the circuit court in Maryland could do that. I can't speak to other states because I just don't know the answer to that question. So the contract here contemplates that there's going to be this accounting and this tax calculation. Are you saying that the personal representatives entered a state contract? I don't understand how we got to this situation if this contract was in good faith entered. I think what was contemplated by the parties when entering the contract, specifically the decision, was that the Maryland probate court would make the decision. And that's why it's references to the personal representative and show this to my personal representative. And there will be an accounting in its subject. It's going to be triggered off of the tax returns, tax returns being under the tax provisions. But the contract could have had a clause limiting where jurisdiction to enforce it would be, and does it, right? That is correct. But here I think the decision, and it does sort of lead into the personal jurisdiction argument, if I may. And to address Ron's questions earlier, I believe that the court should, if alternatively, if not affirming under the perfect exception, I think this court should take up the personal jurisdiction. I think all of the facts of the record is there. And here the Pellants are focusing on the plaintiff's ties to California and not the defendant's here. And the defendant, he executed the contact in Maryland. He lived in Maryland. The only contact is that he was on the telephone with the Pellant and mailed back and forth sometimes, but for a very finite period. There's nothing even close to systematic or continuous contacts that I think subject. So I tried to parse which aspects of the personal jurisdiction allegations you were actually contesting. And I don't know that you really contested anywhere the idea that Silk continuously provided services to Bond from California over many years. Do you actually contest that? We did, and we submitted affidavits to that. Can you point to anything that contests the idea that this relationship went on for years with Bond in California? So in the, I believe it's contested in part, and I'm looking actually at something in our brief, which references the contracts themselves, where the contracts themselves both say that these services were completed within that year, which is not contested. But there were other, weren't there many, I mean it happens, the dispute here is about a couple contracts, but it wasn't disputed that there were others, right? It went on for years with the contracts. But under these contracts, it didn't go on for years. These particular contracts were finite in time and were completed actually in 1998 and then the other one in 1999, respectively, by the terms of the contracts themselves. And beyond that, the record is silent on anything to suggest that our decedent, Frank Bond, had continuous contacts in California in other matters. But your view is that from your client's perspective, the record is complete enough for us to make this determination in the first instance? No, that was initially my view, but hearing that question, I now would need to change my view because I fear that the record may not be as complete as I thought it was, to be very frank about it. Can I ask you the same question I posed to your opponent, which is let's say that I guess we kind of reject both of your positions and we thought that there was this middle path where declaratory relief might be available, but nothing beyond that. Is that the determination the court were to reach? What do you think should happen? I still think at this point it should be to affirm the dismissal. There is a Maryland action. Written discovery is complete in that action. Almost complete. It's been filed. I still have to respond completely. And then we have deposition, but we're on a schedule to get it done. I don't see why. Since he already has relief in another court, we're going down the road with it. I don't know why it would be remanded for time to leave for amend. By the time we get caught up, I think that matter is going to be concluded. It just doesn't seem from a judicial economy standpoint, which is another thing appropriate exception speaks of, I don't think it would be useful. Okay. Do my colleagues have any other questions? No. All right. Thanks very much. Let's put two minutes on the clock. Perfect for a bottle. Please proceed. Thank you, Your Honors. Just to circle back to Judge Friedland's question on the Lefkoe's case so we can take care of that, I'd like to quickly just point out that the claims in that case that were rejected on the probate exception were claims that were specifically seeking disgorgement of funds, which is distinguishable from the situation here where we're talking about seeking a judgment, an impersonal judgment on claims such as breach of contract. And to briefly address Judge Wofford, I know you've been mentioning the declaratory judgment alternative path. I would like to call the Court's attention especially to the Sasson v. Mann Second Circuit case and the Lee Graham Shopping Center Fourth Circuit case cited in our papers, both of which I think help establish that a breach of contract impersonal case would be among the appropriate causes of action to proceed on here so that the claim should not be limited to the declaratory type of relief. Can I ask that you keep using that word in personam to refer to the personal representatives, the money that would not be paid out of their pockets? It would be paid out of the estate. That's, to me, the problem here. It would be one thing if they had personally done something wrong to your client and they were going to have to pay their own money to satisfy the judgment, but that's not what you're contemplating, right? You're contemplating that they'll be required to, not to disclose, but to pay over the funds that are in the raise back in Maryland to your client. This is true, Your Honor, with respect to every impersonam case where the decedent is no longer, you know, with us, and therefore the claim proceeds against the estate rather than against the decedent. But that principle, as articulated and reflected in many of these cases, is that the claims are nevertheless permitted to go forward with the estate in the place of the decedent. And while breach of contract claims are no different. Yeah, I guess I don't think that's right. If you have, if a court acquires in rem jurisdiction over a pot of money, let's say, or a piece of property, I'm not aware of authority, but maybe you can point me to something that says, in a federal court elsewhere, on the basis of diversity, you can get a money judgment payable out of that pot of funds that's held, that another court has jurisdiction over. I don't think that's what you can get. I think in federal court all you can get is a declaratory judgment that says, perhaps, that you're owed some funds out of that pot, but then you have to go to the court that has jurisdiction over the pot of funds to deal with that. The collection, I agree, would be against the probate court for the judgment. Once the plaintiff becomes a judgment creditor, the credit and the payment is sought against the estate, and that likely implicates administration of the probate, but that does not limit the form of the judgment to a declaratory judgment as opposed to a judgment for damages that can then be asserted against the creditor, which would be the estate. Again, I just refer to those cases, the Sasan case and the Lee-Graham shopping case. Can I just ask, though, this Lefkowitz distinction about disgorgement, can you explain what the difference is? Why do you think disgorgement, which is for money, is any different than what you're seeking? A judgment declaring disgorgement of a specific sum certain is identifying a designated fund or designated funds that should be paid out as opposed to putting a plaintiff in the position of a judgment creditor with a judgment that they are thereafter entitled to pursue in their capacity as a judgment creditor, whether it be on a breach of contract claim, a tort claim, a car accident claim, any other form of in person claim that a party may pursue that would therefore entitle them to all the rights and remedies that one has when one has a judgment for a particular sum. It does not dictate which funds those come out of. The way that those funds are then paid is a practical consequence of operation of law in all its various dimensions. The last thing I'll say, I mentioned before, we do believe it would be reasonable to return the question of personal jurisdiction to the district court. But to be absolutely clear, we do believe that the record is sufficient for the court to resolve personal jurisdiction on this appeal should it wish to do so. And I know I'm over time. I thank the court very much for the time, the additional time. And I would just say to the practical question of where the claim should be pursued, the question that, in fact, the Marshall Supreme Court decision emphasizes in its principles in defining the narrow bounds for this cited back to Chief Justice John Marshall in Cohen's versus Virginia, who said it is most true that this court will not take jurisdiction if it should not, but it is equally true that it must take jurisdiction if it should. And I respectfully submit this is a case where the court should get and should take jurisdiction. Okay. Thanks very much, counsel. Thanks to both of you for your argument. The case just argued is submitted.
judges: WATFORD, FRIEDLAND, BENNETT